
**FILED**
**MAY 16, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STANLEY MACK GARDNER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:07-CV-0042 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a state inmate at the Formby Unit in Plainview, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the execution of his sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

### I.
### PROCEDURAL HISTORY

On March 22, 2005, petitioner committed the offense of unauthorized use of a motor vehicle (UUMV). On March 28, 2005, a complaint charging petitioner with the UUMV offense was filed. *See State v. Gardner*, No. 50,660-E. Petitioner was arrested for the offense some time in March 2005 and remained in county jail on this UUMV offense until he posted bond on June 20, 2005. On August 11, 2005, while out on bond for the first UUMV offense, petitioner committed a second

UUMV offense. Petitioner was arrested August 11, 2005, the same date he committed this second offense, and a motion to forfeit his bond in Cause No. 50,660-E, the case charging petitioner with the first UUMV offense, was filed. A complaint charging petitioner with this second UUMV offense was filed on August 16, 2005. *State v. Gardner*, No. 51,392-E. On September 27, 2005, petitioner's bond in Cause No. 50,660-E was forfeited and he was again taken into custody on the first UUMV offense. Petitioner also remained in custody on the second UUMV offense. On October 31, 2005, petitioner was convicted of both UUMV offenses and assessed a 2-year sentence in each case, such sentences to run concurrently. In the pertinent judgments, the state trial judge purportedly credited petitioner's two sentences for the different amounts of time he was in pre-trial custody on each offense, *i.e.*, 172 days in . State Jail Timeslips submitted with a prior federal habeas corpus application filed by petitioner, *see Gardner v. Quarterman*, No. 2:06-CV-0224, indicate petitioner's 2-year sentence for his first UUMV offense was backdated for pre-trial credits to begin on May 12, 2005, and petitioner's 2-year sentence for his second UUMV offense was backdated for pre-trial credits to begin on August 11, 2005. The timeslips indicate petitioner will discharge his 2-year sentence in Cause No. 50,660-E on May 11, 2007, and his 2-year sentence in Cause No. 51,392-E on August 10, 2007.

II.
PETITIONER'S ALLEGATIONS

By his habeas application, petitioner alleges:

1. Petitioner is being unconstitutionally denied time credits toward his sentence in Cause No. 51,392-E; and

2. Petitioner's sentence in Cause No. 51,392-E is illegal because he will serve more than 24 months on that sentence.

Specifically, petitioner challenges the trial court's failure to credit his 2-year sentence in Cause No. 51,392-E, the case charging the second UUMV offense, with flat time for <u>all</u> of the time he spent in county jail, even the time he was in custody solely on the first UUMV offense, prior to his October 31, 2005 convictions for both offenses.  Specifically, petitioner contends <u>both</u> sentences should be credited for county jail time he served from March 2005 to June 2005 solely on the first UUMV offense, as well as the county jail time he served on both charged offenses from August 11, 2005 to October 31, 2005, a total of 187 days.  Petitioner notes his 2-year sentence in Cause No. 51,392-E has only been credited with the time from August 11 to October 31, 2005, the date of his arrest for the second offense until the date of his conviction for that offense, a total of 91 days, and has not been credited for the county jail time he served solely on the first offense from his arrest until his release on bond, *i.e.*, from March 2005 to June 2005, a time period prior to his August 11, 2005 commission of the 2nd UUMV offense charged in Cause No. 51,392-E.  Namely, petitioner argues he should receive pre-indictment time credits for his 2nd UUMV sentence and appears to request this Court order the state trial court to enter a nunc pro tunc order in Cause No. 51,392-E crediting his sentence with the additional jail time he was in custody in Cause No. 50,660-E.

## II.
## EXHAUSTION OF CLAIMS

It appears petitioner has exhausted his state court remedies with regard to this issue. Consequently, the undersigned does not recommend dismissal of this case on the basis of any failure to exhaust.

III.
MERITS

Petitioner has not shown he has been unconstitutionally denied time credits toward his 2-year sentence in Cause No. 51,392-E. Article 42.03, § 2(a) of the Texas Code of Criminal Procedure provides that a defendant shall be given "credit on his sentence for the time that the defendant has spent in jail *in said cause* . . . from the time of his arrest and confinement until his sentence by the trial court." (emphasis added). Here, petitioner has been given 81 days credit for the time he spent in jail on the 2nd UUMV offense charged in Cause No. 51, 392-E, *i.e.*, from August 11, 2005, the date of his arrest for the 2nd UUMV offense, until October 31, 2005, the date of his sentence. Petitioner argues, however, he should have also received credit on his 2-year sentence in Cause No. 51,392-E for the time he spent in jail solely on the charges brought in Cause No. 50,669-E, his first UUMV offense. Petitioner cites *Hannington v. State*, 832 S.W.2d 355 (Tex.Crim.App. 1992) for the proposition that both sentences should be credited with the full amount of time he was in pre-sentence custody, even if he was only in custody on one of the offenses. *Hannington* involved three (3) separate offenses, charged under three (3) separate cause numbers, for which three (3) sentences were assessed (10 years, 6years and 6 years) and ordered to run consecutively. Each sentence was given credit for the length of time Hannington spent in jail for that offense. However, for calculating Hannington's parole eligibility, Hannington's sentences were added together and treated as one sentence ('cumulated"). TDCJ-CID, however, only credited Hannington's cumulated 22-year sentence with an average of the jail credit given in the three different cases. The state court held Hannington's credits for all jail time prior to each sentence in each cause should also be cumulated and applied toward his cumulated sentence. *Hannington* has no applicability to the facts of this case. Petitioner is not entitled to credit on his 2-year sentence in Cause No. 51,392-E, for the time he spent

in jail on the 1st UUMV charge in Cause No. 50,660-E, a separate cause. The time petitioner was in jail from March 2005 to June 2005 was time served solely on his first offense, and was time served prior to the commission of his second offense. Petitioner is only entitled to credit on his sentence in Cause No. 51,392-E for the time he spent in jail *in said cause*. Petitioner's first ground is without merit and should be DENIED.

Petitioner also argues his sentence in Cause No. 51,392-E is illegal because he will serve more than 24 months on that sentence. Petitioner's 2-year sentence in Cause No. 51, 392-E began to run on August 11, 2005, the date he committed the offense with which he was charged and the date he was arrested for said offense. Petitioner's 2-year sentence is set to expire on August 10, 2007, two years after the date it began. It does not appear petitioner will be required to serve more than 24 months on his sentence, however, said issue is not ripe for determination until if and when petitioner is held for any period of time longer than the 2-year sentence assessed. Petitioner's ground is without merit and should be DENIED.

Petitioner appears to argue, however, that as his 2-year sentence in Cause No. 50,660-E began to run on May 12, 2005 due to his pre-sentence confinement being credited toward his sentences, and his sentences are running concurrently, that the expiration of his 2-year sentence in Cause No. 51,392-E on August 10, 2007 results in petitioner serving a sentence in excess of the 2-year maximum allowed for state jail facilities. Petitioner's reasoning is flawed. Petitioner's sentences are running concurrently in that they are being served at the same time and he is receiving credit toward two separate sentences for the time he is currently serving. However, two sentences that are running concurrently do not necessarily end at the same time. Here, petitioner served different amounts of time in pre-sentence confinement on each of his offenses and received credit toward each sentence for

the appropriate amount of time he was in custody on each offense. Consequently, the begin dates for each sentence are different, although the sentences are being served concurrently. Based on the time slips provided by petitioner, it does not appear petitioner will serve more than two (2) years on either cause number. Petitioner's argument is without merit.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner STANLEY MACK GARDNER be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of May 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is

eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).